# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:00-CR-175 |
| | § | |
| ERNEST MOUTON JR. | § | |

## REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed May 15, 2014, alleging that the Defendant, Ernest Mouton Jr., violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

The Defendant was sentenced on January 3, 2002, before the Honorable Richard A. Schell, United States District Judge for the Eastern District of Texas, after pleading guilty to the offense of possession with intent to distribute a controlled substance - cocaine base, a class B felony. The offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of VI, was 188 to 235 months. The Defendant was sentenced to 188 months' imprisonment, followed by 5 years of supervised release subject to the standard conditions of release, plus special conditions to include:

drug after care; alcohol aftercare; and $100 special assessment. On August 25, 2003, the judgment was amended to reduce his term of imprisonment from 188 months to 125 months.

## II.  The Period of Supervision

On November 19, 2009, the Defendant completed his term of imprisonment and began service of the supervision term.

## III.  The Petition

United States Probation filed the instant Petition for Warrant for Offender Under Supervision in this District on May 15, 2014, alleging the following violations: 1) on May 5, 2013, the Defendant was arrested for evading detention and was later convicted and sentenced to six years of imprisonment on May 13, 2014 in violation of his mandatory condition that he not commit another federal, state, or local crime; and 2) the Defendant failed to submit a monthly report to his probation officer on several occasions in violation of his standard condition that he do so.

## IV.  Proceedings

On July 28, 2014, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the allegation that he violated a standard condition of supervised release, to wit: the Defendant shall report to the probation officer as directed by the court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.

The undersigned recommends that the court revoke the Defendant's supervised release and impose a sentence of eight (8) months' imprisonment to run concurrently with his existing six year state sentence as mentioned above with no supervised release upon release from imprisonment. The undersigned also recommends the Texas Department of Corrections be designated as the facility to serve this sentence.

## V. Principles of Analysis

If the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). The original offense of conviction was a Class B felony; therefore, the maximum imprisonment sentence is 3 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by failing to submit monthly reports to his probation officer, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. In the case of a revocation of supervised release based on a Grade C violation and a criminal history category of VI, the guideline imprisonment range is 8 to 14 months.

According to U.S.S.G. § 7B1.3(f), any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of

imprisonment that the Defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release. This guideline is a policy statement and only advisory. The undersigned finds that the sentence imposed in this case is to run concurrently based upon the recommendation of the parties.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he violated his conditions of supervised release by failing to submit monthly reports to his probation officer. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under

Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is VI. Policy guidelines suggest 8 to 14 months' imprisonment. The Defendant did not comply with the conditions of his supervision. As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a sentence of eight months' imprisonment to run concurrently to his six year sentence being served as stated above with no supervised release to follow.

### VII.  Recommendations

1. The court should find that the Defendant violated a standard condition of supervised release by failing to submit monthly reports to his probation officer.

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The Defendant should receive a sentence of eight months' imprisonment to run concurrently to his existing six year sentence with no supervised release to follow.

4. The undersigned also recommends the Texas Department of Corrections be designated as the facility for the Defendant to serve this sentence.

### VIII.  Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report.

The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 30th day of July, 2014.

_____
Zack Hawthorn
United States Magistrate Judge